IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01276-BNB

RONALD DENNIS CLARK,

    Plaintiff,

v.

MARTHA H. ESKESEN, Attorney at Law, and
JOHN DOE, Federal Prisoner, FCI. Safford, AZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 30 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Ronald Dennis Clark, was a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Sterling, Colorado, correctional facility when he filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). On June 15, 2009, Mr. Clark filed a notice of change of address with the Court. According to the inmate locator on the DOC's website, www.doc.state.co.us/index.html, Mr. Clark currently is on parole.

Mr. Clark has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Clark is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Clark is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Clark alleges that Martha Eskesen was appointed to represent him in *United States v. Clark*, No. 02-cr-00281-WYD, in which he was convicted on drug-related charges. He further alleges that he was charged with committing a state felony in No. 07-cr-06451, while he was on supervised release in No. 02-cr-00281-WYD. He asserts that Ms. Eskesen also was appointed to represent him on charges of violating his supervised release in No. 02-cr-00281-WYD. He asserts that he retained Ms. Eskesen to represent him in the state case, as well.

Mr. Clark disagrees with Ms. Eskesen's representation of him in his state case. He also contends that Ms. Eskesen hired an ex-felon as a criminal investigator. He is suing the John Doe investigator for allegedly conspiring with Ms. Eskesen to defraud him of $1,000.00 in fees for legal representation and investigation services.

A plaintiff alleging a violation of 42 U.S.C. § 1983 must demonstrate that he has been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived him of this right while acting under color of state law. *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). However, the Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In addition, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). *See also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (stating that "even if counsel performs what would otherwise be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law.")

Mr. Clark alleges that Ms. Eskesen was a defense attorney performing a lawyer's traditional functions as counsel to him in a criminal proceeding. Therefore, she was not acting under color of state law for purposes of 42 U.S.C. § 1983. The claims against the John Doe criminal investigator also are without merit. Mr. Clark fails to allege that the investigator was acting under color of state law. In addition, the investigator cannot be liable to Mr. Clark for conspiring with a state actor when Ms. Eskesen does not qualify as a state actor. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 29 day of June, 2009.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01276-BNB

Ronald Dennis Clark
1830 E. 27th Ave.
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk